### BYNE *v.* FARMERS BANK OF BLYTHE *et al.*

Where under the allegations of a petition for injunction against the enforcement of a fi. fa., and to set aside a sale of lands thereunder, the defendant in fi. fa. was not entitled to an injunction generally against the enforcement of the fi. fa., or to a decree setting aside the sale, yet was entitled in equity to an order restraining the collection of an excess of interest over the amount which would have been fixed by a proper calculation, the court should not have sustained a general demurrer to the petition, without making provision for restraining the enforcement of the fi. fa. for such excess of interest.

No. 624.   MAY 17, 1918.

Equitable petition. Before Judge Hammond. Richmond superior court. September 22, 1917.

In a petition brought by Byne against the Farmers Bank of Blythe, he showed that the bank had previously sued him upon a promissory note given by him to the bank for the principal sum of $1500, bearing interest at 8 per cent. per annum, and secured by a conveyance of certain real estate; that the bank obtained judgment upon this note for the unpaid principal and for a certain sum as interest; that, while the note contained a provision for the payment of 10 per cent. as attorney's fee if collected by suit, there was an agreement, before judgment, that the judgment for attorney's fees should not exceed the sum of $15, and in fact the verdict and judgment specified no amount whatever as attorney's fees; that, taking into account certain partial payments which had been made, the amount of interest due upon the debt at the time of the judgment was 8 per cent. on $1500 for the period of two years, three months, and ten days, or $253.33, but the amount of interest found by the jury and for which judgment was entered was $521; that by the verdict the judgment was made a special lien upon the property conveyed to secure the payment of the debt to the bank; that after a reconveyance of this property to petitioner for the purpose

of levy and sale, the same was sold at sheriff's sale; that the bank agreed, before the sale, to bid the full amount of its judgment against petitioner, but it failed to keep this agreement, and the property was knocked off to the bank at a price considerably less than the amount of its judgment; that the original debt to secure which the petitioner had conveyed this property to the bank was infected with usury, in that he did not receive from the bank the full sum of $1500 when he executed his note for that amount, but only the sum of $1350. He prayed that the deed be canceled and declared void; and that the judgment and the sale be set aside. The defendant demurred generally to the petition, on the ground that it set forth no cause of action. The court sustained the demurrer and dismissed the action; and the petitioner excepted.

*W. H. Fleming,* for plaintiff.    *Pierce Brothers,* for defendants.

Beck, P. J. (After stating the foregoing facts.),

While the court should not have retained the petition in this case for the purpose of injunction generally against the enforcement of the judgment and the fi. fa. based thereon, or for the purpose of setting aside the same, nevertheless provision should have been made to prevent the enforcement of the judgment for the excessive interest erroneously included in the judgment as the amount due. It is alleged in the petition that there was an agreement, before judgment, that judgment for attorney's fees would not be taken except for the small charge of $15. This part of the agreement, as appears from a statement of the allegations of the petition, was complied with; but a judgment for interest to the amount of $521.00 was taken. This was manifestly in excess of the amount of interest due, and the court should have required an abandonment of that part of the judgment for interest in excess of the amount due, calculating the same at the rate stipulated in the note. The court was right in not retaining the petition for the purpose of setting aside the judgment and the sale of the property, but should not have sustained the demurrer generally, without making provisions to prevent the enforcement of the judgment for the amount of interest above the amount which would have been reached by a calculation of interest at the rate of 8 per cent., making the proper deductions for partial payments. But we do not think the judgment ought to be reversed generally. The ends of

justice will be met by a reversal with direction that the judgment be modified to the extent indicated by the foregoing as proper; that is, the bank be restrained from enforcing the judgment for that portion of the interest which was erroneously included.

If the bank made an agreement with the defendant in execution as alleged in the petition, to wit, that at the sale of the land it would bid such an amount as would protect him, and failed to do so, and if that agreement was made under such circumstances as would render it binding on the bank, it may be urged against the enforcement of the fi. fa. for the excess of the amount of the same over and above the price for which the property when sold was knocked down, but we do not think it is cause for setting aside the sale, or for setting aside the judgment.

*Judgment reversed, with direction. All the Justices concur, except Fish, C. J., absent.*